UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MARK A. LANG, JR.,                    )
                                      )
              Movant,                 )
                                      )
        vs.                           )          Case No. 4:07-CV-21 (CEJ)
                                      )
UNITED STATES OF AMERICA,             )
                                      )
              Respondent.             )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Mark A. Lang, Jr., to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The United States has filed a response, and the issues are fully briefed.

### I. Background

On October 18, 2004, Lang pled guilty to conspiracy to distribute and possess with intent to distribute marijuana (Count I), in violation of 21 U.S.C. §846, for which he faced a sentence of imprisonment of not less than five years and not more than 40 years. In the plea agreement, Lang stipulated that he was responsible for more than 400 kilograms but less than 700 kilograms of marijuana. He also stipulated that there were nine firearms in his residence at the time it was searched by law enforcement authorities.

Based on the quantity of marijuana, Lang's base offense level under the United States Sentencing Guidelines was 28. U.S.S.G § 2D1.1(a)(3). After applying a two-level increase for possession of a dangerous weapon (U.S.S.G. § 2D1.1(b)(1)) and a three-level decrease for acceptance of responsibility (U.S.S.G. § 3E1.1(a) and (b)(1) and (2)), Lang's total offense level was 27. With a criminal history category of III, the

resulting guideline range for imprisonment was 87-108 months. On January 20, 2005, Lang was sentenced to a term of imprisonment of 90 months.

In his motion to vacate, Lang asserts the following grounds for relief: (1) the Bureau of Prisons violated the Court's recommendation that Lang be allowed to participate in the Residential Drug Abuse Program (RDAP) and (2) he was prejudiced by a misstatement made by the assistant United States attorney at sentencing.

## II. Discussion

### A. Participation in RDAP

The purpose of a motion under 28 U.S.C. § 2255 is to permit a prisoner in custody to seek release on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction or that the sentence exceeded the maximum authorized by law. In his first ground for relief, Lang does not challenge the sentence imposed by the Court based on any of the grounds set forth in the statute. His assertion that the Bureau of Prisons failed to follow a recommendation that he be allowed to participate in the RDAP program is not cognizable under § 2255. Therefore, he will be denied relief on this ground.

### B. Misstatement by Assistant U. S. Attorney

During the sentencing hearing, counsel for the government, referring to the two-level increase for possession of a dangerous weapon, argued as follows:

> Additionally with respect to the firearms, this defendant stipulated in open court and signed off on a stipulation that those weapons were possessed in connection with this offense.
>
> And specifically on the morning that search warrants were executed - - February 5th of 2004 - - this defendant had a weapon at very close range. I recall hearing that from - - he was sleeping on a couch, and the weapon was in the couch or near the couch. It was a dangerous situation for

> the law enforcement officers. So those two points are well-
> deserved in this report and well-supported by the evidence.

Sentencing Transcript, at pp. 7-8. Four days after the sentencing hearing, counsel

for the government informed the Court and defense counsel that the statement she

had made was erroneous, and that the circumstances she described pertained to one

of Lang's co-defendants.

The allegation that Lang had been found sleeping on or near a weapon was not

contained in the presentence report, and was not the basis for the two-level increase

for possession of a dangerous weapon. Rather, as reflected in the PSR, the the two-

level increase was based on the following:

> On February 5, 2004, a search of Mark A. Lang's residence
> at 6839 Magnolia revealed nine firearms, a cellular
> telephone as well as U.S. Currency [sic]. According to the
> Government, Mark A. Lang admitted that he possessed the
> firearms in connection with the offense and the weapons
> provided protection for drugs and drug proceeds.

Presentence Investigation Report, at p. 7, ¶55.

Lang's contention that he was prejudiced by the erroneous allegation made by

counsel for the government is unsupported by the record. As the sentencing transcript

reflects, the Court made no mention of the allegation in explaining its reasons for the

sentence that was imposed. Indeed, the Court focused only on the firearms that Lang

admitted to having in his possession:

> You stipulated to guns being found in the house. You
> also admitted that you possessed them for protection of the
> drug [sic] and the money. You're shaking your head. That
> was in the stipulation. It is in the Presentence Report.
> There was no objection to that. And as far as the Court is
> concerned, it really is immaterial where those guns came
> from.
> There's no allegation here that they were illegally
> obtained. I don't have any reason to think they were stolen
> or otherwise unlawfully obtained. And I will accept your
> attorney's representation that these were gifts athat were

> given to you from your father. But that's not the point. You had these guns. And by your own admission you had for the purpose of assisting you in protecting the drugs and the money that you were involved with.
>
> So I think it's appropriate to consider the firearms. I think there were nine of them. And I think it's appropriate to take that into consideration in determining what your sentence should be.

Sentencing Transcript, at p. 10. Also, the fact that Lang received a sentence of imprisonment that was only three months above the low-end of the guideline range, further belies any claim of prejudice.

### III. Conclusion

For the foregoing reasons, the Court concludes that Lang has not shown that he is entitled to relief under 28 U.S.C. § 2255 based on any of the claims he asserts in the motion. The Court finds that Lang has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability. See 28 U.S.C. § 2253.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Mark A. Lang to vacate, set aside, or correct sentence [Doc. No. 1] is **denied**.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 10th day of March, 2010.